# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

David Angel Sifuentes III
Plaintiff,

Case No.

Hon.

v.

LexisNexis Risk Solutions, Inc.
P.O. Box 105615
Atlanta, GA 30348-5108
Defendant,

and

Progressive Insurance Company
46333 Five Mile Road #100
Plymouth, MI 48170
Defendant.

DEMAND FOR JURY TRIAL

_____/

**FILED - GR**
March 21, 2025 1:11 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW / 3-21

**1:25-cv-316**
Robert J. Jonker
U.S. District Judge

# COMPLAINT FOR DAMAGES

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over Plaintiff's claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., pursuant to 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims for invasion of privacy, inaccurate information, intentional infliction of emotional distress, and negligent infliction of emotional distress, pursuant to 28 U.S.C. § 1367, as these claims derive from a common nucleus of operative fact with the federal claims.

3. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district, and Plaintiff resides within this district.

## II. PARTIES

4. Plaintiff, David Ange Sifuentes III, is a citizen of Michigan, 439 More St. NE, Unit 2, Grand Rapids, MI 49503, within the Western District of Michigan.

5. Defendant, LexisNexis Risk Solutions, Inc. ("LexisNexis"), is a corporation that compiles and sells consumer reports, including those governed by the FCRA.

6. Defendant, Progressive Casualty Insurance Company ("Progressive"), is an insurance company and a furnisher of information to consumer reporting agencies, including LexisNexis.

## III. FACTUAL ALLEGATIONS

7. Plaintiff has a clean driving record, and has never been convicted of the traffic offenses that have been furnished by Progressive, found at fault in an accident from law enforcement, or received a citation from law enforcement related to any vehicle accident.

8. On or about December 10, 2024, and February 14, 2025, Plaintiff was involved in vehicle accident on a hazard action area due to the weather, and his vehicle exploded and caught on fire on the highway while driving to work which people reported to Plaintiff was on the news. Plaintiff was not at fault for each situation and did not get any citation by law enforcement.

9. Progressive, without a reasonable basis, erroneously reported to LexisNexis that Plaintiff was at fault in these accidents.

10. LexisNexis, continues to report this inaccurate information in Plaintiff's consumer report.

11. Plaintiff has disputed the inaccurate information with LexisNexis, pursuant to 15 U.S.C. § 1681i.

12. Plaintiff has also contacted Progressive directly, requesting correction of the inaccurate information, but Progressive has refused to correct the errors.

13. On or about March 15, 2025, Plaintiff sought an insurance quote from Direct Insurance. Due to the inaccurate information reported by Progressive and LexisNexis, Plaintiff's insurance quote was significantly higher than it would have been with accurate information, resulting in a concrete financial injury.

14. The inaccurate information has caused Plaintiff significant emotional distress, including anxiety, frustration, and financial hardship.

15. The actions of Progressive and LexisNexis constitute a willful and/or negligent violation of the FCRA.

16. The actions of Progressive and LexisNexis constitute an invasion of privacy, by publicly disclosing false information that harms Plaintiff's reputation.

17. The actions of Progressive and LexisNexis constitute reporting inaccurate information.

18. The actions of Progressive and LexisNexis, by reporting Plaintiff as at fault when he was not, constitute defamation of character.

19. The actions of Progressive and LexisNexis constitute intentional and negligent infliction of emotional distress due to the financial burden and emotional distress it has caused.

## IV. CLAIMS FOR RELIEF

### Count I: Violation of the Fair Credit Reporting Act (FCRA)

19. Plaintiff incorporates by reference paragraphs 1-19.

20. Defendants LexisNexis and Progressive violated the FCRA by reporting and failing to correct inaccurate information.

21. Defendants failed to conduct a reasonable investigation of Plaintiff's disputes.

22. Plaintiff has suffered actual damages as a result of Defendants' violations of the FCRA.

### Count II: Invasion of Privacy

23. Plaintiff incorporates by reference paragraphs 1-19.

24. Defendants' disclosure of false information constitutes an invasion of Plaintiff's privacy.

25. Plaintiff has suffered damages as a result of Defendants' invasion of privacy.

### Count III: Inaccurate Information

26. Plaintiff incorporates by reference paragraphs 1-19.

27. Defendants reported and failed to correct inaccurate information concerning the Plaintiff.

28. Plaintiff has suffered damages as a result of this inaccurate information.

## Count IV: Defamation of Character

30. Plaintiff incorporates by reference paragraphs 1-19.
31. Defendants published false statements of fact concerning Plaintiff to third parties, including other insurance companies.
32. These statements were defamatory, as they falsely portrayed Plaintiff as at fault in accidents, damaging Plaintiff's reputation and causing financial harm.
33. Plaintiff has suffered damages as a result of Defendants' defamation.

## Count V: Intentional Infliction of Emotional Distress

29. Plaintiff incorporates by reference paragraphs 1-19.
30. Defendants' conduct was extreme and outrageous, and intentionally or recklessly caused Plaintiff severe emotional distress.
31. Plaintiff has suffered severe emotional distress as a result of Defendants' conduct.

## Count VI: Negligent Infliction of Emotional Distress

32. Plaintiff incorporates by reference paragraphs 1-19.
33. Defendants owed Plaintiff a duty of care, which they breached, causing Plaintiff emotional distress.
34. Plaintiff has suffered emotional distress as a result of Defendants' negligence.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. Actual damages of $1,000 for each false violation, totaling $2,000 from each defendant for a total of $4,000.
b. Punitive damages of $150,000, to be awarded jointly and severally against Defendants.

d. Injunctive relief requiring Defendants to correct the inaccurate information in Plaintiff's consumer report.

e. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
David Angel Sifuentes III
In Pro Se
439 More St. NE Unit 2
Grand Rapids, MI 49503
Phone no. 616-283-5215
Email:davidsifuentes61@yahoo.com

To: Clerk
    399 Federal Bldg
    110 Michigan St NW
    Grand Rapids, MI 49503

From: David Angel Sifuentes III
       439 More St. NE Unit 2
       Grand Rapids, MI 49503

Re: ***David Angel Sifuentes III v. LexisNexis Risk Solutions, Inc., and Progressive Insurance Company , Case No.***

Dear Clerk:

  Enclosed please find for filing in the above matter one original of Plaintiffs complaint for damages, declaration in support, and application to proceed in district court without prepayment of filing fees. Thank you. The address to issue the summons is:

LexisNexis Risk Solutions, Inc.
P.O. Box 105615
Atlanta, GA 30348-5108


and

Progressive Insurance Company
46333 Five Mile Road #100
Plymouth, MI 48170

I am filing in Pro Se if you have any questions please contact me at 616-283-5215 are email at davidsifuentes61@yahoo.com. Thank you for your time in this matter. Have a great day.
Respectfully,

David Angel Sifuentes III
In Pro Se
Ph. 616-283-5215
Email: davidsifuentes61@yahoo.com

Dated: March 21, 2025

CC: File